UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| SHIRLEY A. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV411-049 |
| RIVERVIEW HEALTH AND | ) | |
| REHABILITATION CENTER, | ) | |
| a Georgia corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Shirley A. Morris died after filing this employment discrimination case. Doc. 19 at 1-2; doc. 21 at 1. Her lawyer moved to substitute her heirs or her estate as plaintiff(s), doc. 19, but only an estate executor or administrator has standing here.[1] In endeavoring to comply with the Fed. R. Civ. P. 25(a) requirements illuminated in *Hardy v. Potter*, 2009

---

1  "An estate is not a legal entity which can normally be a party plaintiff to legal proceedings, because the exclusive right to bring actions on behalf of the estate is in the executor or administrator." 10 GA. JUR. DECEDENTS' ESTATES AND TRUSTS § 8:62 (Dec. 2011) (footnote omitted); GA. PROBATE & ADMINISTRATION § 9:9 (4th ed. Aug. 2011) ("Generally, heirs and creditors may sue third persons for the recovery of personal property only in the name of the representative of the estate. Even if there is no representative, heirs may not maintain suits directly against third persons. However, an heir may maintain an action in his or her own name if there has been collusion, insolvency, or unwillingness to collect the assets when called upon on the part of the personal representative.") (footnotes omitted).

WL 765028 at * 1-2 (S.D. Ga. Mar. 23, 2009), defendant notes that an ongoing state probate court proceeding for appointing an administrator for her estate has not yet been finalized.[2] Doc. 21 at 4-5.

A separate issue is what claims survive Morris's death. *See Kilgo v. Bowman*, 789 F.2d 859, 876 (11th Cir. 1986) (a "Title VII cause of action survives under both federal and state law"); *Simmons v. Prison Health Services Inc.*, 2009 WL 2914103 * 2 n. 3 (S.D. Ga. Sep. 10, 2009); *Yule ex rel. Bryant v. Jones*, 2010 WL 1050013 at * 2 (N.D. Ga. Mar. 17, 2010); *cf. Villanueva v. First Am. Title Ins. Co.*, ___ Ga. App. ___, 2011 WL 5987910 at * 4-5 (Dec. 1, 2011) (generally, injuries to property, including legal malpractice claims, can be assigned, while injuries to the person cannot).

---

2   This is critical because a cause of action (hence, any lawsuit) is a form of personal property, *National Bldg. Maintenance Specialists, Inc. v. Hayes*, 288 Ga. App. 25, 26 (2007); *see also Sevostiyanova v. Tempest Recovery Services, Inc.*, 307 Ga.App. 868, 871 (2011), and

> [u]nder OCGA § 53-4-8(b), the title to all personal property owned by a decedent "shall vest in the administrator of his estate for the benefit of the heirs and creditors." Thus, as a general rule, the right of action for the recovery of personal property for the benefit of an estate vests exclusively in the administrator of the estate, and not in its beneficiaries. This general rule is subject to the equitable exception that an heir may sue in his own name where he can show that, by reason of insolvency, fraud, collusion or other special circumstances, the administrator is unwilling to bring the suit.

*Peden v. Peden*, 293 Ga. App. 483, 483-84 (2008) (footnotes omitted); 10 Ga. Jur. Decedents' Estates and Trusts § 8:62 (Dec. 2011).

The defendant, however, has not raised that issue.

In any event, the Court **STAYS** this case for 30 days to accommodate the contemplated estate-representation formalities, absent which defendants may move to dismiss. For the moment, then, the motion for substitution (doc. 19) is **DENIED** without prejudice to renew it by a party with standing. *See Hardy v. Potter*, 2009 WL 2391239 at * 2 (S.D. Ga. Nov. 19, 2009) ("Courts routinely -- if not necessarily -- require evidence that a movant for substitution was appointed to the representative capacity.").

**SO ORDERED** this  9th  day of January, 2012.

                                            /s/ G.R. Smith
                                            UNITED STATES MAGISTRATE JUDGE
                                            SOUTHERN DISTRICT OF GEORGIA

3